IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF MISSOURI
CENTRAL DIVISION

|  |  |
|---|---|
| SECRETARY OF LABOR, <br> UNITED STATES DEPARTMENT OF LABOR, <br> Plaintiff, <br> v. <br> BROADWAY DINER, INC. , <br> A CORPORATION, AND DAVID JOHNSON, <br> AN INDIVIDUAL, <br> Defendants. | CIVIL ACTION FILE <br> NO.  2:17-cv-4051 |

# COMPLAINT

Plaintiff brings this action to enjoin Defendants from violating the provisions of sections 15(a)(2) of the Fair Labor Standards Act of 1938, as amended (29 U.S.C. § 201 et seq.), hereinafter called the Act, pursuant to section 17 of the Act; and to recover unpaid minimum wages and overtime compensation owing for Defendants' employees, together with an equal additional amount as liquidated damages, pursuant to section 16(c) of the Act.

I

Jurisdiction of this action is conferred upon the Court by section 16(c) and 17 of the Act, and by 28 U.S.C. § 1345.

II

Defendant Broadway Diner, Inc. (hereinafter, Broadway Diner) is a Corporation, incorporated in the State of Missouri, with its principal place of business located at 22 S. 4th St., Columbia, Missouri 65201, in Boone County, within the jurisdiction of this Court.

Defendant David Johnson is a manager of Broadway Diner, within the jurisdiction of this Court, and acts directly or indirectly in the interest of Broadway Diner in relation to its employees.

III

The activities of Defendants referred to in paragraph II were, and are, related and performed through unified operation or common control for a common business purpose, and have, since August 12, 2014, constituted an enterprise within the meaning of section 3(r) of the Act.

IV

Since August 12, 2014, said enterprise has had employees engaged in commerce or in the production of goods for commerce, including employees handling, selling, or otherwise working on goods or materials that have been moved in or produced for commerce by any person; an annual gross volume of sales made or business done of not less than $500,000, exclusive of excise taxes at the retail level, separately stated; and, therefore, was and is an enterprise engaged in commerce or in the production of goods for commerce as defined in section 3(s)(1)(A) of the Act.

V

Defendants Broadway Diner and David Johnson have violated and are violating the provisions of sections 6 and 15(a)(2) of the Act by failing to pay to certain employees, for their employment in an enterprise engaged in commerce or in the production of goods for commerce, wages at rates not less than $7.25 per hour since August 12, 2014.

VI

Defendants Broadway Diner and David Johnson have violated and are violating the provisions of sections 7 and 15(a)(2) of the Act by employing certain employees in an enterprise engaged in commerce or in the production of goods for commerce, for workweeks longer than 40 hours since August 12, 2014, without compensating said employees for their employment in excess of 40 hours in such workweeks at rates not less than one and one-half times the regular rates at which they were employed.

VII

As a result of the violations alleged in paragraphs I to VI above, amounts are owing for certain present and former employees listed in attached Appendix A.

A judgment granting recovery of said amounts, together with an equal additional amount as liquidated damages, is specifically authorized by section 16(c) of the Act.

WHEREFORE, cause having been shown:

Plaintiff prays judgment, pursuant to section 17 of the Act, permanently enjoining and restraining Defendants, Defendants' officers, agents, servants, employees, and those persons in active concert or participation with Defendants who receive actual notice of any such judgment, from violating the provisions of section 15(a)(2) of the Act.

And Plaintiff further prays for judgment, pursuant to section 16(c) of the Act, against Defendants for unpaid minimum wages and overtime compensation and for an equal additional amount as liquidated damages.

Should the Court decline to award said liquidated damages, Plaintiff further prays the award of interest on said unpaid amounts and overtime compensation from the date said unpaid amounts and overtime compensation became due, until date of judgment.

Plaintiff further prays for such other relief as the Court may find due, including an order that Defendants be required to locate affected employees and distribute any amounts found to be due to affected employees as the result of the violations alleged in paragraphs V and VI hereof.

Plaintiff further prays for the award of post-judgment interest as authorized by 28 U.S.C. § 1961, and prays that he recover the costs of this action.

Nicholas C. Geale
Acting Solicitor

Christine Z. Heri
Regional Solicitor

H. Alice Jacks
Associate Regional Solicitor


__s/Justin H. Whitten_____
Justin H. Whitten
Attorney
Mo Bar #65275
Federal Bar #65275MO

Two Pershing Square Building
2300 Main Street, Suite 1020
Kansas City, MO  64108

(816) 285-7283  
(816) 285-7287 (fax)  
whitten.justin.h@dol.gov

U.S. Department of Labor  
Attorneys for Plaintiff